Shareef S. Farag (251650)
Joseph S. Persoff (307986)
**BAKER & HOSTETLER LLP**
11601 Wilshire Boulevard
Suite 1400
Los Angeles, CA 90025-0509
Telephone: 310.820.8800
Facsimile: 310.820.8859
Email: *sfarag@bakerlaw.com*
*jpersoff@bakerlaw.com*

*Attorneys for Defendant*
EMPIRE TODAY, LLC

# THE UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA –WESTERN DIVISION

| | |
|---|---|
| DWAYNE CALLOWAY, an individual,<br><br>  Plaintiff,<br><br>  v.<br><br>EMPIRE TODAY, LLC, an Delaware Corporation, and DOES 1 through 20, Inclusive<br><br>  Defendants. | Case No.: 2:21-cv-6529<br><br>**NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT**<br><br>*[Filed concurrently with Civil Cover Sheet; and Certification and Notice of Interested Parties]*<br><br>Action Filed: July 13, 2021 |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, EMPIRE TODAY, LLC ("Defendant") removes the action filed by DWAYNE CALLOWAY ("Plaintiff") in the Superior Court of the State of California in and for the County of Los Angeles, captioned *Dwayne Calloway v. Empire Today, LLC*, Case No. 21STCV25774, to the United States District Court for the Central District of California – Western Division.

**JURISDICTION AND VENUE**

1. This is a civil action over which this Court has original subject matter jurisdiction under 28 U.S.C. § 1332, and removal is proper under 28 U.S.C. §§ 1441 and 1446 because it is a civil action between citizens of different states and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

2. This Court is in the judicial district and division embracing the place where the state court case was brought and is pending. Specifically, the United States District Court for the Central District of California – Western Division embraces Los Angeles County, California, which is the place where the state court case was brought and is pending. Thus, this Court is the proper district court to which this case has been removed. 28 U.S.C. §§ 1441(b) and 1446(a).

**THE ACTION AND TIMELINESS OF REMOVAL**
**PROCEDURAL BACKGROUND**

3. On July 13, 2021, Plaintiff filed a civil action against Defendant in the Superior Court of the Sate of California in and for the County of Los Angeles, entitled *Dwayne Calloway v. Empire Today, LLC*, Case No. 21STCV25774 (the "State Court Action").

4. On July 14, 2021, Defendant received service of a copy of the Summons and Complaint in the State Court Action. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings and orders served upon Defendant in the State Court Action are attached as Exhibit "A."

5. Pursuant to 28 U.S.C. § 1446(b), this removal is timely because Defendant filed this Notice of Removal within 30 days of receipt of a copy of the Summons and Complaint in the State Court Action.

6. Defendant filed and served its Answer in the State Court Action on August 11, 2021. A true and correct conformed copy of Defendant's Answer is attached as Exhibit "B".

**DIVERSITY OF CITIZENSHIP**

7.     Plaintiff's Citizenship. As alleged in the Complaint, Plaintiff "at all relevant times to this action resided in Los Angeles County, California." (Complaint ¶ 1). For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). Residence is presumed to be a person's domicile in the absence of contrary evidence. *Lew v. Moss*, 797 F.2d 747, 751 (9th Cir. 1986); *Ayala v. Cox Automotive, Inc.*, 2016 WL 6561284 at *4 (C.D. Cal. Nov. 4, 2016). Courts treat a person's residence as prima facie evidence of domicile. *See, e.g., District of Columbia v. Murphy*, 314 U.S. 441, 455 (1941); *State Farm Mutual Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994); *Barbosa v. Transport Drivers, Inc.*, 2015 WL 9272828 at *2 (C.D. Cal. Dec. 18, 2015). Based on Plaintiff's allegation that he is a resident of California, and because there is no evidence to indicate that Plaintiff is domiciled elsewhere, Plaintiff must be considered a citizen of California.

8.     Defendant's Citizenship. Defendant, at the time this action was filed and through the present, is a citizen of the states of Delaware and Illinois. Defendant EMPIRE TODAY, LLC is a limited liability company. As a limited liability company, Defendant is a citizen of every state of which its owners/members are citizens. *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).

9.     Defendant, a limited liability company, consists of a sole member, H.I.G. Empire Holdco, Inc., which, at the time this action was filed and through the present, is a citizen of the states of Delaware and Illinois. Pursuant to 28 U.S.C. § 1332(c), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." The United States Supreme Court has concluded that a corporation's "principal place of business" is "where a corporation's officers direct, control, and coordinate the

corporation's activities," or its "nerve center." *Hertz Corp. v. Friend*, 130 S.Ct. 1181, 1192 (2010). "[I]n practice," a corporation's "nerve center" should "normally be the place where the corporation maintains its headquarters." *Id*.

10. H.I.G. Empire Holdco, Inc. is a corporation formed and incorporated under the laws of the State of Delaware. Its headquarters are located in Northlake, Illinois, where the majority of the corporation's officers direct, control and coordinate its activities.

11. <u>Doe Defendants</u>. Although Plaintiff has also named fictitious defendants, "[f]or purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(a); *see also Fristos v. Reynolds Metals Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980) (unnamed defendants are not required to join in a removal petition). Thus, the existence of "Doe" defendants does not deprive the Court of jurisdiction.

12. <u>Diversity</u>. Complete diversity of citizenship exists under 28 U.S.C. § 1332 because Plaintiff is a citizen of California and Defendant is a citizen of Delaware and Illinois.

## AMOUNT IN CONTROVERSY

13. A defendant may remove a case pursuant to 28 U.S.C. § 1332(a) on the grounds that the amount in controversy exceeds $75,000.00, even when the plaintiff fails to allege any specific damages amount. *See, e.g., Cohn v. PetSmart, Inc.*, 281 F.3d 837, 839-40 (9th Cir. 2002).

14. A removing defendant must only establish, according to the lenient preponderance of the evidence standard, that the amount in controversy exceeds $75,000. *See Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F. 3d 373, 376 (9th Cir. 1997). "As specified in § 1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold; the notice need not contain evidentiary submissions." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S.Ct. 547, 549 (2014). Here, although

1  Plaintiff has not identified a specific value of alleged damages, Plaintiff filed the
State Court Action as "unlimited jurisdiction" and made a "[d]emand for over
$25,000" (See Complaint pg. 1).

15. The "amount in controversy includes all relief claimed at the time of removal to which the plaintiff would be entitled if she prevails," and it includes wages that will allegedly be lost and other damages that will impact a plaintiff in the future. *See Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 417-418 (9th Cir. 2018).

16. The amount placed in controversy by Plaintiff's claims exceeds $75,000.00, exclusive of interest and costs. Plaintiff's Complaint asserts the following four causes of action against Defendant: (1) age discrimination in violation of the California Fair Employment and Housing Act (Cal. Gov't Code § 12940, *et seq*.) ("FEHA"), (2) retaliation in violation of FEHA, (3) failure to prevent discrimination in violation of FEHA, and (4) wrongful termination in violation of public policy.

17. Plaintiff's prayer for relief seeks an award of "[p]ast and future economic and non-economic damages," punitive damages, declaratory judgment, injunctive relief, interest, attorneys' fees and costs, and "[a]ll other relief that this Court deems just and proper." (*See* Complaint, Prayer for Relief).

18. <u>Past and Future Lost Wages</u>. Plaintiff alleges he "has suffered and continues to suffer losses in earnings and other benefits[.]" Complaint ¶¶ 23, 25, 37, 49, 62.

19. A claim for lost wages consists of a back pay and front pay component. *See Andrade v. Arby's Rest. Grp., Inc.*, 255 F.Supp.3d 1115, 1139-40 (N.D. Cal. 2016) (noting that a court may award back pay and front pay damages on a claim for wrongful termination in violation of FEHA). Plaintiff alleges that his employment with Defendant terminated in October of 2020. Complaint ¶ 14. Plaintiff's employment with Defendant terminated on October 7, 2020. Plaintiff's annual salary

at that time was approximately $60,000.00, or $1,153.85 per week, exclusive of bonuses.

20.  Plaintiff's back pay claim, conservatively calculated for the period of October 8, 2020 (one day after Plaintiff's termination) through an estimated trial date of August 13, 2022 (one year from the filing of this Notice of Removal), would total approximately $110,769.60 ($1,153.85 per week x 96 weeks). Plaintiff's front pay, for purposes of this analysis only, proceeding from a conservative assumption that a court would award one year of front pay, would total approximately $60,000.00 ($1,153.85 per week x 52 weeks). *See, e.g., Glenn-Davis v. City of Oakland*, 2008 WL 410239 at *4 (N.D. Cal. Feb. 12, 2008) (concluding that three-year front pay award was reasonable to employee who experienced unlawful discrimination). Therefore, the amount-in-controversy for Plaintiff's claim for lost wages, alone, totals at least $170,769.60.

21.  <u>Emotional Distress Damages</u>. Plaintiff seeks damages for past and future emotional distress pursuant to each of his four causes of action. Plaintiff alleges he "he was physically and psychologically injured," and "[s]uch injuries have caused, and continue to cause Plaintiff great mental and physical pain and suffering, and loss of enjoyment[.]" Complaint ¶¶ 24, 38, 50, 63.

22.  Emotional distress damages are included within the amount in controversy. *Simmons v. PCR Tech.*, 209 F.Supp.2d 1029, 1034 (N.D. Cal. 2002). Plaintiff does not specify an amount for such damages, but for purposes of this analysis only, Defendant conservatively estimates the amount in controversy as to past and future emotional distress damages equals $25,000.00.

23.  The $25,000.00 assigned to Plaintiff's claim for emotional distress damages is reasonable in light of the amount California juries have awarded for emotional distress damages in cases involving claims for age discrimination and wrongful termination.  For example, in *Viveros v. Donahoe*, CV 10-08593 MMM EX, 2012 WL 6021667 (C.D. Cal. Nov. 30, 2012), a jury awarded the plaintiff

$225,000 for emotional distress damages based on a pregnancy discrimination claim. And in *Silverman v. Stuart F. Cooper Inc.* Case No. BC467464, 2013 WL 5820140 (Cal. Super. July 19, 2013), a jury awarded the plaintiff $151,333 for past and future emotional distress on claims for age discrimination and harassment, failure to prevent discrimination and harassment, and wrongful termination. Further, in *Ko v. Square Group, LLC*, Case No. BC487739, 2014 WL 3555573 (Cal. Super. June 17, 2014), the jury awarded $125,000 in emotional distress damages when the defendant discriminated against plaintiff for requesting medical leave and wrongfully terminated her.

24. <u>Attorneys' Fees</u>. Plaintiff also seeks attorneys' fees. Prayer for Relief ¶ 2. Attorneys' fees may be awarded to Plaintiff under FEHA at Cal. Gov't Code § 12965(b). When the underlying substantive law provides for the award of attorneys' fees, a party may include that amount in their calculation of the amount in controversy. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998). The Court may take into account reasonable estimates of attorneys' fees when analyzing disputes over the amount in controversy. *See Brady v. Mercedes- Benz USA, Inc.*, 243 F.Supp.2d 1004, 1010-11 (N.D. Cal. 2002). Further, the amount of attorneys' fees included within the amount in controversy is not limited to the amount incurred at the time of removal and incudes all attorneys' fees likely to be incurred through prosecution of the action. *See Fritsch v. Swift Transportation Co. of Ariz., LLC*, 899 F.3d 785, 794 (9th Cir. 2018). Defendant estimates very conservatively that through trial, Plaintiff's attorneys' fees would exceed $50,000.00.

25. <u>Total Amount-in-Controversy</u>. As detailed above, the amount-in-controversy exceeds $75,000.00, exclusive of interest and costs. The above-specified amounts are at least equal to $245,769.60, even when excluding Plaintiff's claim for punitive damages, which must also be considered in the amount-in-controversy. *See Gibson v. Chrysler Corp.*, 261 F.3d 927, 946 (9th Cir. 2001) ("It is well established

that punitive damages are part of the amount in controversy in a civil action."). The table below summarizes the amounts in controversy for the relevant claims.

| Claim for Damages | Amount in Controversy |
|---|---|
| Back Pay Damages | $110,769.60 |
| Front Pay Damages | $60,000.00 |
| Emotional Distress | $25,000 |
| Attorneys' Fees Through Trial | $50,000 |
| **TOTAL** | **$245,769.60** |

26. It is plain from Plaintiff's Complaint that Plaintiff is seeking far more than the minimum amount of $75,000.00, exclusive of interest and costs, needed to meet the amount-in-controversy requirement. *See, e.g., Kroske v. U.S. Bank Corp.*, 432 3d 976, 980 (9th Cir. 2005) (finding, by preponderance of the evidence, that a complaint exceeded $75,000.00 in controversy where it sought damages for lost wages, benefits, emotional distress damages and attorney's fees and costs).

### NOTICE OF INTERESTED PARTIES

27. Pursuant to Local Rule 7.1-1, Defendant is filing a Notice of Interested Parties concurrently with this Notice of Removal.

### NOTICE

28. As required by 28 U.S.C. § 1446(d), Defendant is providing written notice of the filing of this Notice of Removal to Plaintiff and is filing a copy of this Notice of Removal with the Clerk of the Superior Court of the State of California, in and for the County of Los Angeles.

Dated: August 12, 2021

Respectfully submitted,
**BAKER & HOSTETLER LLP**

By:   /s/ *Shareef S. Farag*
Shareef S. Farag
Joseph S. Persoff

*Attorneys for Defendant*
EMPIRE TODAY, LLC

# **PROOF OF SERVICE**

I am employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 11601 Wilshire Boulevard, Suite 1400, Los Angeles, CA 90025-0509. On August 12, 2021, I served a copy of the within document(s): **NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT**

☑ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, the United States mail at Los Angeles, California addressed as set forth below. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ by placing the document(s) listed above in a sealed envelope and affixing a pre-paid air bill in the care and custody of **Golden State Overnight**, and causing the envelope to be delivered to a **Golden State Overnight** agent for delivery on the next business day.

☐ by placing document(s) listed above in the care and custody of Ace Attorney Services for personal delivery to the person(s) at the address(es) set forth below.

☐ by transmitting via electronic mail the document(s) listed above to the e-mail address(es) set forth below on this date and the transmission was reported as complete and without error.

| | |
|---|---|
| A. Jacob Nalbandyan, Esq.<br>Vanoohi Torossian, Esq.<br>LEVIN & NALBANDYAN, LLP<br>811 Wilshire Blvd, Suite 800<br>Los Angeles, CA 90017<br>Tel: (213) 232-4848<br>Fax: (213) 232-4849<br>Emails: jnalbandyan@LNtriallawyers.com;<br>vtorossian@LNtriallawyers.com | Attorneys for Plaintiff,<br>DWAYNE CALLOWAY |

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on August 12, 2021, at Los Angeles, California.

_/s/ S. Suzuki_
S. Suzuki