A. Jacob Nalbandyan, Esq. (SBN 272023)
jnalbandyan@LNtriallawyers.com
Charlene L. Nercess, Esq. (SBN 334943)
cnercess@LNtriallawyers.com
**LEVIN & NALBANDYAN, LLP**
811 Wilshire Blvd, Suite 800
Los Angeles, CA 90017
Tel: (213) 232-4848
Fax: (213) 232-4849

Attorneys for Plaintiff,
DWAYNE CALLOWAY

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION**

DWAYNE CALLOWAY, an individual,

Plaintiff,

vs.

EMPIRE TODAY, LLC, a Delaware Corporation, and DOES 1 through 20, Inclusive,

Defendants.

Case No.: 2:21-cv-06529-DMG (JDEx)

*[Assigned for all purposes to Honorable Dolly M. Gee]*

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO COMPEL ARBITRATION AND DISMISS THE ACTION**

*[Filed concurrently with Declaration of Charlene L. Nercess and Plaintiff's Declaration]*

Date: October 8, 2021
Time: 9:30 a.m.
Courtroom: 8C

Action Removed: August 12, 2021
Action Filed: July 13, 2021

L&N File #: 3392 -i-

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS

# TABLE OF CONTENTS

Page

I. INTRODUCTION……………………………………………………………………1

II. FACTUAL BACKGROUND……………………………………………………...1

III. PROCEDURAL HISTORY…………………………………………………………2

III. LEGAL ARGUMENT……………………………………………………………..2

A. *Applicable Legal Standard for Judgment on the Pleadings*………………...2

B. *The Arbitration Agreement is Both Procedurally and Substantively Unconscionable*.……………………………………………………………3

1. *Arbitration Agreement is Procedurally Unconscionable* ….…….…..…..3

2. The Agreement is Substantively Unconscionable…..…………………..5

a. The Court Cannot Enforce The Agreement Under Armendariz……………………………………………..6

b. The Agreement Lacks Mutuality and Thus Cannot Be Enforced……………………………………………8

IV. CONCLUSION……………………………………………………………….....9



# TABLE OF AUTHORITIES

**State Cases**

*Armendariz v. Foundation Health Psychcare Services Inc.*,
24 Cal.4th 83, 114-15 (2000) .......... 4, 6, 9

*AT&T Mobility LLC v Concepcion*,
131 S. Ct. 1740, 1746 (2011) .......... 3

*Carbajal v. CWPSC, Inc.*,
245 Cal.App.4th 227, 248 (2016) .......... 8

*Davis v. Kozak*,
53 Cal. App.5th 897, 912 .......... 7

*Fitz v. NCR Corp*
118 Cal.App.4th 702,721 .......... 5, 7

*Kinney v. United HealthCare Services, Inc.*,
70 Cal.App.4th 1322, 1329 (1999) .......... 4

*Mercuro v. Superior. Ct.*,
96 Cal.App.4th 167, 174 (2002) .......... 4

*Nvulassy v. Lockheed Martin Corp.*,
120 Cal.App.4th 1267, 1288 (2004) .......... 6

*OTO LLC. v. Kho*,
8 Cal. 5th 111, 136 (2019) .......... 7

*Samaniego v. Empire Today LLC*,
205 Cal.App.4th 138, 150 (2012) .......... 3

*Stirlen v. Supercuts, Inc.*,
51 Cal.App.4th 1519, 1532, (1997) .......... 4

*Trivedi v. Curexo Tech. Corp.*,
189 Cal.App.4th 387, 393 (2010) .......... 6

*Wayne v. Staples, Inc.*,
135 Cal. App. 4th 466, 480 (2006) .......... 4



**Federal Cases**

*Bernhardt v. Polygraphic Co. of America, Inc.*,
350 U.S. 198 (1956) .......... 3

*Circuit City Stores, Inc. v. Adams,*
279 F.3d 889, 893 (9th Cir. 2002) .......... 4

*Ferguson v. Countrywide Credit Industries, Inc.*,
298 F. 3d 778, 783 (9th Cir. 2002) .......... 5

*Ingle v. Circuit City Stores, Inc.*,
328 F.3d 1165, 1170 (9th Cir. 2003) .......... 3

**Other Authorities**

American Arbitration Association .......... 2, 5, 8

California Arbitration Act .......... 3

Federal Arbitration Act .......... 3

## MEMORANDUM OF POINTS AND AUHTORITIES

DWAYNE CALLOWAY ("Mr. Calloway" or "Plaintiff") respectfully submits this Memorandum of Points and Authorities in opposition to EMPIRE TODAY, LLC's ("Defendant") Motion to Compel Plaintiff to Arbitrate his Claims and to Dismiss the Action (the "Motion").

## I. INTRODUCTION

Defendant's Motion should be denied. Courts refuse to enforce employment arbitration agreements that violate public policy and are unconscionable. Mr. Calloway worked for Defendant for several years and was required to sign Defendant's Arbitration Agreement as a condition of his promotion in 2019. Defendant neither explained arbitration nor provided Mr. Calloway with applicable rules of this adhesion contract. As written, the agreement requires Mr. Calloway to forfeit several of his statutory rights and subjects him to a substantively unconscionable arbitration agreement.

## II. FACTUAL BACKGROUND

Mr. Calloway was hired by Defendant on or around August 2018. Declaration of Dwayne Calvin Calloway ("Calloway Decl."), ⁋ 2. Mr. Calloway was eventually promoted to Sales Manager on or around December 2018. *Id*. By around April 2019, Defendant required Mr. Calloway to sign a series many of on-boarding documents on its online portal, one of which documents was Defendant's Arbitration Agreement. Calloway Decl., ⁋ 3. Mr. Calloway was given multiple documents to sign at once after his promotion in 2018. *Id*. Defendant gave Mr. Calloway these numerous documents as a requirement of his December 2018 promotion. Calloway Decl., ⁋ 4. Defendant did not provide Mr. Calloway the time or opportunities to ask questions nor to review the many documents. Calloway Decl., ⁋ 5. Equally important, is the fact that Defendant did not tell Mr. Calloway that he would be giving up an important Constitutional right and that he was not told that he could consult an attorney prior to signing the many documents. *Id*. Mr. Calloway was never given an opportunity to review the American Arbitration

Association ("AAA") rules that purport to govern the Defendant's Arbitration Agreement. Calloway Decl., ⁋ 6.

Defendant's Arbitration Agreement defines several excluded claims, not subject to Arbitration, as several civil claims which could be brought by Defendant and various other administrative or criminal issues which are excluded from arbitration. Declaration of Charlene Nercess ("Nercess Decl."), Exh. A. at 1. Defendant's Arbitration Agreement also narrowly defines the available discovery for parties subject to the Arbitration, as three depositions, ten written interrogatories and ten document requests unless the Arbitrator authorizes additional discovery upon showing it is necessary. Nercess Decl., Exh. A. at 3. Furthermore, the Arbitration Agreement refers to many of the American Arbitration Association's ("AAA") rules without either providing such rules or defining them. Nercess Decl., Exh. A.

## III. PROCEDURAL HISTORY

On July 13, 2021, Mr. Calloway filed his Complaint in Los Angeles Superior Court for the State of California. Nercess Decl., ⁋ 3. Mr. Calloway's Complaint alleges four causes of action: (1) age discrimination in violation of California's Fair Employment and Housing Act; (1) retaliation in violation of California's Fair Employment and Housing Act; (3) failure to prevent discrimination and retaliation in violation of California's Fair Employment and Housing Act; and (4) wrongful termination in violation of public policy. On August 10, 2021, Defendant's counsel and Mr. Calloway's counsel met and conferred by telephone call and email correspondence. Nercess Decl., ⁋ 4. Mr. Calloway's counsel and Defendant's counsel were unable to agree as to the enforceability of the arbitration agreement. *Id*.

On August 12, 2021, Defendant removed this action to this Court. Dkt. 1.

///

///

///

## IV. LEGAL ARGUMENT

### A. *Applicable Legal Standard for Judgment on the Pleadings*

The Federal Arbitration Act ("FAA") looks to state law to determine the validity of an agreement to arbitrate. Courts have consistently held that California's law on unconscionability is not preempted by the FAA because it is generally applicable to contracts and consistent with the purposes of the FAA. See, e.g., *Ingle v. Circuit City Stores, Inc.*, 328 F.3d 1165, 1170 (9th Cir. 2003). Both the FAA and the California Arbitration Act ("CAA") contemplate that the court will consider, in the first instance, whether the arbitration agreement is valid under California state law. Therefore, California law will determine the validity of the agreement.

Furthermore, if the court's jurisdiction is founded in the parties diversity the Court must enforce state laws which preclude arbitration in cases where the FAA does not apply. *Bernhardt v. Polygraphic Co. of America, Inc.*, 350 U.S. 198 (1956) Here, the FAA does not extend to cover this simple contract of employment. *Id*.

Regardless, Defendant's Arbitration Agreement should not survive either the FAA or California law.

### B. The Arbitration Agreement is Both Procedurally and Substantively Unconscionable

Although federal policy liberally favors arbitration under the FAA, unconscionability remains a viable basis to render an arbitration agreement unenforceable under both the FAA and CAA. *Samaniego v. Empire Today LLC*, 205 Cal.App.4th 138, 150 (2012). In fact the United States Supreme Court reaffirmed the FAA "permits agreements to be invalidated by "generally applicable contract defense, such as fraud, duress, or unconscionability." *Id.*; *AT&T Mobility LLC v Concepcion,* 131 S. Ct. 1740, 1746 (2011).

///

**1. Arbitration Agreement is Procedurally Unconscionable.**

Procedural unconscionability turns on adhesiveness - a set of circumstances in which the weaker or 'adhering' party is presented a contract drafted by the stronger party on a take it or leave it basis." *Mercuro v. Superior. Ct.*, 96 Cal.App.4th 167, 174 (2002). When an employee is required to consent to arbitration as a condition of employment with no opportunity to negotiate, the agreement is procedurally unconscionable. *Armendariz v. Foundation Health Psychcare Services Inc.*, 24 Cal.4th 83, 114-15 (2000). In *Armendariz*, the plaintiffs had signed arbitration agreements as a condition of employment and the court found they were procedurally unconscionable:

> [I]n case of preemployment arbitration contracts, the economic pressure exerted by the employer on all but the most sought after employees may be particularly acute, for the arbitration agreement stands between the employee and necessary employment, and few employees are in a position to refuse a job because of an arbitration agreement. (*Id.* at 115.)

The court must examine "the manner in which the contract was negotiated and the circumstances of the parties at that time." *Kinney v. United HealthCare Services, Inc.*, 70 Cal.App.4th 1322, 1329 (1999). A contract is oppressive if an inequality of bargaining power between the parties precludes the weaker party from enjoying a meaningful opportunity to negotiate and choose the terms of the contract. *Stirlen v. Supercuts, Inc.*, 51 Cal.App.4th 1519, 1532, (1997). Oppression arises from an inequality of bargaining power which results in no real negotiation and an absence of meaningful choice…surprise involves the extent to which the terms of the bargain are hidden in a "prolix printed form" drafted by a party in a superior bargaining position." *Wayne v. Staples, Inc.*, 135 Cal. App. 4th 466, 480 (2006).

In *Circuit City Stores, Inc. v. Adams*, 279 F.3d 889, 893 (9th Cir. 2002), the court found an arbitration agreement procedurally unconscionable because it was a "take it or leave it" proposition. The court reasoned that "[t]he agreement is a prerequisite to employment, and job applicants are not permitted to modify the agreement's terms-they

must take the contract or leave it." *Id.; See, also, Ferguson v. Countrywide Credit Industries, Inc.*, 298 F. 3d 778, 783 (9th Cir. 2002), [arbitration agreement was procedurally unconscionable for the same reason.]

Defendant's Arbitration Agreement is a textbook example of adhesion contracts that is disavowed by the Armendariz Court.

As to Mr. Calloway's signing of Defendant's Arbitration Agreement in April 2019, there is no doubt that the manner which Mr. Calloway "agreed" to arbitration is oppressive. Mr. Calloway was given multiple documents to sign as a condition of his continued employment with Defendant. Calloway Decl., ⁋ 3. Defendant gave Mr. Calloway these numerous documents as a requirement of his December 2018 promotion. Calloway Decl., ⁋ 4. Mr. Calloway was not given time or opportunities to ask questions nor to review the many documents Defendant required. Calloway Decl., ⁋ 5. Just as importantly, is the fact that Mr. Calloway was not told that he would be forfeiting an important Constitutional right – the right to a trial by jury, and he was not told that he could consult an attorney prior to signing any of those documents. *Id*.

Furthermore, California courts have invalidated arbitration agreements where the employee had not received the rules which govern the arbitration. In *Fitz v. NCR Corp*, the court did not enforce an arbitration agreement that incorporated AAA rules without attaching them, finding that this required the employees "to go to another source to learn the full ramifications of the arbitration agreement." 118 Cal.App.4th 702, 721 (2004).

Throughout Defendant's Arbitration Agreement, it states that Arbitration shall be governed by many of the AAA rules. Nercess Decl., Exh. A. However, Mr. Calloway was never given an opportunity to review the AAA rules that purport to govern the Defendant's Arbitration Agreement. Calloway Decl., ⁋ 6. Mr. Calloway was never given the AAA rules to determine what rights he was giving up and what arbitration scheme he was accepting instead. *Id*.

Therefore this Court should find the agreement procedurally unconscionable.

///

**2. The Agreement is Substantively Unconscionable.**

As set forth above, the purported agreement is permeated with unlawful provisions. When an arbitration agreement contains more than one unlawful provision, severance of the unlawful provision will not be permitted. *Nvulassy v. Lockheed Martin Corp.,* 120 Cal.App.4th 1267, 1288 (2004). Indeed, the policy favoring arbitration does not require that the courts sever unlawful provisions, rather than void the entire arbitration agreement. Generally, where there is more than one unconscionable term, the unconscionability permeates the contract and severance is inappropriate. *Armendariz*, *supra*, 24 Cal. 4th at 124-25 (severance was inappropriate where there was "no single provision a court [could] strike or restrict in order to remove the unconscionable taint from the agreement"); *Trivedi v. Curexo Tech. Corp.,* 189 Cal.App.4th 387, 393 (2010) (refusing to sever where two terms were unconscionable).

**a. The Court Cannot Enforce The Agreement Under *Armendariz*.**

The California Supreme Court in *Armendariz* held that a mandatory employment arbitration agreement is enforceable, despite being procedurally unconscionable, only if it meets the following requirements to be enforceable under California law: (1) require neutral arbitrators; (2) allow for more than minimal discovery; (3) require a written decision by the arbitrator; (4) allow for all types of relief otherwise available in court; and (5) not require employees to pay either unreasonable costs or any arbitrators' fees or expenses as a condition of access to the arbitration process. *See Armendariz,* 24 Cal.4th at 102. The Supreme Court in *Armendariz* emphasized that, it is not enough to substantially comply with the *Armendariz* requirements. Rather, in order for a mandatory employment arbitration agreement to be substantively conscionable, all requirements must be met. *Id.*

Here, several requirements (i.e, allowing for more than minimal discovery and not requiring employees to pay unreasonable or any arbitrators' fees or expenses) are not satisfied because of the provisions limiting discovery, and attorney's fees and costs provisions. Such provisions place plaintiff at greater risk than if he had brought his claims in court.

First, the Agreement provides only a severely restrictive discovery provision. While some limitations on discovery can be an important way to streamline arbitration, "[a]dequate discovery is indispensable for the vindication of statutory claims." Fitz v. NCR Corp. Limitations on discovery in arbitration shall not make arbitration so inaccessible that it cannot allow for effective means for resolving party disputes, such that it would impose burdens on an employee that they would be unable to navigate without counsel. *OTO LLC. v. Kho*, 8 Cal. 5th 111, 136 (2019). Even where the arbitrator is granted so called discretion to determine when additional discovery is necessary, it is not enough to fix a discovery provision that is severely restrictive. *Davis v. Kozak*, 53 Cal. App.5th 897, 912. If a Plaintiff is required to show it is "necessary for a full and fair exploration of the issues" to the arbitrator in order to obtain leave for additional discovery, then he may as well broadcast his entire litigation strategy to Defendant. Such an outcome would be in direct contradiction of the well establish California case law.

The limitations Mr. Calloway would be bound to is as follows:

> [E]ach party shall take no more than three depositions; each party shall serve no more than 10 written interrogatories upon the other party; each party shall serve no more than 10 requests to produce upon the other party.

Nercess Decl., Exh. A. at 3. Here, there are various claims of discrimination in violation of California's Fair Employment and Housing Act. Claims of discrimination require extensive circumstantial evidence and often involve minimal showing through direct evidence and to severely limit both depositions and other discovery makes these claims unnecessarily difficult for an employee to navigate. Furthermore, the Agreement here is distinguishable from the discovery limitations in *Davis* which were found to be unconscionable, in that this Agreement is even more restrictive. In *Davis*, the arbitration agreement limited depositions but did not express any entitlement nor limitations on other discovery. Here, discovery is expressly limited to only 10 written interrogatories and 10 request to produce. The discovery provisions here do expressly permit expert testimony

nor any further discovery unless permitted by the arbitrator. Nercess Decl., Exh. A. at 3. Thus, the discovery provision of this agreement is substantively unconscionable.

Second, the attorney's fees and costs and fee provisions of this agreement are such that they burden employees would not have encounter if their claims are brought to court, and it utilizes fear tactics to prevent employees from challenging the Arbitration Agreement. Here, the Arbitration Agreement vaguely refers to the AAA rules document as the fee schedule of this agreement. Nercess Decl., Exh. A. at 3. Not only would an employee be required to seek these rules for themselves, but they are unknowingly revoking their rights under California Law to not incur costs in their wrongful termination claim. Furthermore, the fees provision requires each party is responsible for its own attorney's fees. Nercess Decl., Exh. A. at 3. Requiring employees to incur their own attorney's fees is an unreasonable additional cost to bringing their claim for which they would not be responsible if permitted to bring this claim to court. Finally, the fees provision of this action requires employees to pay Defendant's attorney fees if they fail to initiate arbitration instead of a court lawsuit. Nercess Decl., Exh. A. at 3. This provision is clearly utilizing financial fear tactics and requiring employees to incur unfair additional costs for the benefit of Defendant alone.

Therefore, the agreement is unconscionable as to its discovery and fees provisions under *Armendariz*.

**b. The Agreement Lacks Mutuality and Thus Cannot Be Enforced.**

An arbitration agreement should also be deemed substantively unconscionable when the party with greater bargaining power should require provisions that provide itself additional protections based on its own commercial needs. *Carbajal v. CWPSC, Inc.*, 245 Cal.App.4th 227, 248 (2016). In fact, the court in *Armendariz* found that "an arbitration agreement imposed in an adhesive context lacks basic fairness and mutuality if it requires one contracting party, but not the other, to arbitrate all claims arising out of the same transaction or occurrences." 24 Cal.4th, at 120.

Here, nearly identically to the agreement in *Armendariz*, because the exluded claims provision of the agreement would require Mr. Calloway to arbitrate his wrongful termination for sharing trade secrets, while Defendant would have no obligation to bring its claim for trade secrets against Mr. Calloway to arbitration. Nercess Decl., Exh. A. at 1. Defendant's exclusion provision reads:

> "'Excluded claims' means: (1) all claims arising out of any confidentiality, non solicitation, or noncomplete agreement signed by you… ;(2) claims for violation of applicable trade secrets laws; (3) claims for workers' compensation benefits or unemployment compensation benefits; (4) claims based upon any of the Company's stock option plans or pension and/or welfare benefit plants…;(5) claims for restitution, civil penalties, or other damages owed by you for an act for which the Company sought criminal prosecution; and (6) claims that are not subject to mandatory binding pre-dispute arbitration…"

*Id*.. The agreement even specifies in section five that for restitution, civil, penalties and other damages, it is only to be excluded in if Defendant is the party seeking prosecution. *Id*. Therefore subjecting an employee to arbitration if they seek those same claims. By lacking in mutuality of when and which parties must bring an issue to arbitration or not, Defendant's Arbitration Agreement is by definition, statutorily unconscionable.

## IV. CONCLUSION

For the forgoing reasons, Plaintiff, Dwayne Calloway respectfully requests denial of Defendant's Motion to Compel Arbitration, in its entirety.

Dated: September 24, 2021

Respectfully submitted,

**LEVIN & NALBANDYAN, LLP**

By: ______________________________

A. Jacob Nalbandyan, Esq.
Charlene L. Nercess, Esq.
Attorneys for Plaintiff,
DWAYNE CALLOWAY

**PROOF OF SERVICE**
**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**
**(CASE NO. 2:21-cv-06529-DMG-JDEx)**

I am employed in the County of Los Angeles, State of California. I am over the age 18 and not a party to the within action. My business address is 811 Wilshire Boulevard, Suite 800, Los Angeles, CA 90017. On the date stated below, I served the foregoing document(s) described as **PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO COMPEL ARBITRATION** on the interested parties in this action as stated below: **SEE ATTACHED SERVICE LIST.**

____ **BY MAIL**. I am "readily familiar" with Levin & Nalbandyan, LLP's practice for collecting and processing correspondence for mailing with the United States Postal Service. Under that practice, it would be deposited with the United States Postal Service that same day in the ordinary course of business. Such envelope(s) were placed for collection and mailing with postage thereon fully prepaid at Los Angeles, California, on that same day following ordinary business practices.

____ **BY OVERNIGHT DELIVERY**. I deposited such document(s) in a box or other facility regularly maintained by the overnight service carrier, or delivered such document(s) to a courier or a driver authorized by the overnight service carrier with delivery fees paid or provided for, addressed to the person(s) being served.

**XXX BY ELECTRONIC MAIL TRANSMISION: VIA CM/ECF** By electronic mail transmission by transmitting a PDF format copy of such document(s) to each such person at the email address(es) listed below their address(es). The document(s) was/were transmitted by electronic transmission and such transmission was reported as complete and without error.

**XXX FEDERAL**. I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made. I declare under penalty of perjury under the laws of the State of California and the United States that the foregoing is true and correct.

Executed on September 24, 2021 at Los Angeles, California.

Name: Tony Arias Signature: ________________________

## SERVICE LIST

Shareef S. Farag, SBN 251650
Joseph S. Persoff, SBN 307986
Stephanie Alvarez Salgado, SBN 334886
**Baker & Hostetler LLP**
11601 Wilshire Boulevard, Suite 1400
Los Angeles, CA 90025-0509
Telephone: 310.820.8800
Facsimile: 310.820.8859
Email: *sfarag@bakerlaw.com*
*jpersoff@bakerlaw.com*
*salvarezsalgado@bakerlaw.com*

***Attorneys for Defendant***