UNITED STATES DISTRICT COURT  JS-6
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 21-6529 DMG (JDEx)** | Date | October 20, 2021 |
|---|---|---|---|
| Title | ***Dwayne Calloway v. Empire Today, LLC*** | Page | 1 of 8 |

| Present: The Honorable | DOLLY M. GEE, UNITED STATES DISTRICT JUDGE |
|---|---|
| KANE TIEN | NOT REPORTED |
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS—ORDER RE DEFENDANT'S MOTION TO COMPEL ARBITRATION [11]**

On July 13, 2021 Plaintiff Dwayne Calloway filed a Complaint in Los Angeles County Superior Court against Defendant Empire Today, LLC ("Empire") alleging claims for: (1) age discrimination in violation of California's Fair Employment and Housing Act; (2) retaliation in violation of California's Fair Employment and Housing Act; (3) failure to prevent discrimination and retaliation in violation of California's Fair Employment and Housing Act; and (4) wrongful termination in violation of public policy. [Doc. # 1-1]. On August 12, 2021, Empire removed the action, asserting diversity jurisdiction pursuant to 28 U.S.C. section 1332. [Doc. # 1].

Now before the Court is Empire's motion to compel ("MTC") Plaintiff to submit his claims to arbitration. [Doc. # 11.] The MTC is fully briefed. [Doc. ## 14 ("Opp."), 16 ("Reply")]. Having considered the parties' written submissions, the Court **GRANTS** Empire Today's MTC.

**I.**
**JUDICIAL NOTICE**

Federal Rule of Evidence 201 permits a court to take judicial notice of facts not subject to reasonable dispute and "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." *Campbell v. PricewaterhouseCoopers, LLP*, 642 F.3d 820, 824, n.3 (9th Cir. 2011) (citing Fed. R. Evid. 201(b)). "A court may take judicial notice of 'matters of public record.'" *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) (quoting *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986)).

In support of the MTC, Empire asks this Court to take judicial notice ("RJN") of two orders issued by courts in the Southern District of California and the Alameda County Superior Court, respectively, on motions to compel arbitration brought by these same Defendants in other cases, along with the arbitration agreements in those cases. [Doc. # 11-4.] Opinions issued by another court are proper subjects of judicial notice, but the Court observes that "when a court takes judicial notice of another court's opinion, it may do so 'not for the truth of the facts recited therein, but for

UNITED STATES DISTRICT COURT       JS-6
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 21-6529 DMG (JDEx)** | Date | October 20, 2021 |
|---|---|---|---|
| Title | ***Dwayne Calloway v. Empire Today, LLC*** | Page | 2 of 8 |

the existence of the opinion, which is not subject to reasonable dispute over its authenticity.'" *Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001) (quoting *S. Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Grp. Ltd.*, 181 F.3d 410, 426–27 (3d Cir. 1999)). Moreover, it is well established that "[d]istrict court opinions are relevant for their persuasive authority, but they do not bind other district courts within the same district." *E.g.*, *City of Fresno v. United States*, 709 F. Supp. 2d 888, 909 (E.D. Cal. 2010).

The Court therefore **GRANTS** the RJN on that limited basis.

## II.
## FACTUAL BACKGROUND

In May 2018, Empire hired Plaintiff as a sales representative. Calloway Decl. ¶ 2 [Doc. # 14-2]. On December 17, 2018, Plaintiff was then promoted to Assistant Sales Manager. Nuneman Decl. ¶ 11 [Doc. # 11-2]. To process his promotion, Empire required Plaintiff to sign a series of onboarding documents on its online portal, one of which was Empire's Arbitration Agreement. *Id.* at ¶¶ 7-9, 12, Ex. H (Agreement). Plaintiff did not complete all of this requisite paperwork immediately in December 2018, but he electronically signed the Arbitration Agreement on April 1, 2019. *Id.* at ¶ 12. The Arbitration Agreement reads, in relevant part, as follows:

> Except for "Excluded Claims" (as defined below), you and [Empire] mutually agree that all disputes, claims, or controversies of any kind or type, whenever they may arise, between [Empire] and you that could be brought in a court will be submitted exclusively to final and binding arbitration as specified herein and pursuant to the Employment Arbitration Rules of the American Arbitration Association (AAA) . . . Examples of claims subject to arbitration pursuant to this Agreement include, but are not limited to, claims under: . . . any state or local anti-discrimination or wage and hour laws; any other federal, state, or local law, ordinance, or regulation; or any claim based on any public policy, contract, tort, or common law.

Agreement at 1. "Excluded Claims" are defined to encompass:

> (1) all claims arising out of any confidentiality, non-solicitation, or non-compete agreement signed by you (e.g., a "Confidentiality Agreement" or a "Confidentiality and Non-Compete Agreement"); (2) claims for violation of applicable trade secrets laws; (3) claims for workers' compensation benefits or unemployment compensation benefits; (4) claims based upon any of the Company's stock option plans or pension and/or welfare benefit plans if those plans contain some form of a grievance, arbitration, or other procedure for the resolution of disputes under the plan; (5) claims for restitution, civil penalties, or other damages owed by you for

UNITED STATES DISTRICT COURT        JS-6
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 21-6529 DMG (JDEx)** | Date | October 20, 2021 |
|---|---|---|---|
| Title | ***Dwayne Calloway v. Empire Today, LLC*** | Page | 3 of 8 |

an act for which the Company sought criminal prosecution; and (6) claims that are not subject to mandatory binding pre-dispute arbitration as a matter of statutory law, such as claims under the Dodd-Frank Wall Street Reform Act.

*Id.* The Agreement further states:

> I understand and agree that mandatory, binding arbitration will be the sole and exclusive means for resolution of all disputes as described in this Agreement whenever they may arise. I recognize that this arbitration shall be in lieu of trial by jury. I acknowledge that I have had an opportunity to review the Employment Arbitration Rules (available through AAA's website at: www.adr.org) and a copy of this Agreement and that I was given a reasonable time to review and consider this Agreement and the Employment Arbitration Rules and to consult with an attorney of my choosing before signing this Agreement.

*Id.* at 3.

The Arbitration Agreement also provides that it will be governed by the Federal Arbitration Act ("FAA"). *Id.* at 2. Additionally, the Arbitration Agreement states that its terms, including the mandatory arbitration provision, "survive the termination of [Plaintiff's] employment with the Company." *Id.* at 3. The Arbitration Agreement also provided Plaintiff with one of two boxes to check: one to agree to the Arbitration Agreement and one to opt out of the Agreement. Plaintiff selected the box agreeing to the Arbitration Agreement and appended his electronic signature. *Id.*

Plaintiff was terminated from Empire on October 2, 2020, giving rise to his claims. *See* Nuneman Decl. ¶ 6.

### III.
### LEGAL STANDARD

The Federal Arbitration Act ("FAA") provides that written arbitration agreements are "valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 336 (2011). "The basic role for courts under the FAA is to determine '(1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue.'" *Kilgore v. KeyBank Nat'l Ass'n*, 718 F.3d 1052, 1058 (9th Cir. 2013) (*en banc*) (quoting *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000)).

Federal substantive law governs questions concerning the interpretation and enforceability of arbitration agreements. *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 22–

Case 2:21-cv-06529-DMG-JDE   Document 18   Filed 10/20/21   Page 4 of 8   Page ID #:309

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

JS-6

| Case No. | **CV 21-6529 DMG (JDEx)** | Date | October 20, 2021 |
|---|---|---|---|
| Title | ***Dwayne Calloway v. Empire Today, LLC*** | Page | 4 of 8 |

24 (1983). Courts apply ordinary state law contract principles, however, "[w]hen deciding whether the parties agreed to arbitrate a certain matter." *First Options of Chi., Inc. v. Kaplan*, 514 U.S. 938, 944 (1995). As long as an arbitration clause is not itself invalid under "generally applicable contract defenses, such as fraud, duress, or unconscionability," it must be enforced according to its terms. *Concepcion*, 563 U.S. at 339. Under California law, "[t]he trial court sits as the trier of fact, weighing all the affidavits, declarations, and other documentary evidence . . . to reach a final determination." *Ruiz v. Moss Bros. Auto Group, Inc.*, 232 Cal. App. 4th 836, 842 (2014) (citing *Engalla v. Permanente Med. Grp., Inc.*, 15 Cal. 4th 951, 972 (1997), *as modified* (July 30, 1997)).

## IV.
## DISCUSSION

Empire asserts that Plaintiff's claims must be arbitrated pursuant to the terms of the Arbitration Agreement. In response, Plaintiff argues that Defendant cannot enforce the Arbitration Agreement because the Agreement is unconscionable.

In California, "a contract must be both procedurally and substantively unconscionable to be rendered invalid." *Chavarria v. Ralphs Grocery Co.*, 733 F.3d 916, 922 (9th Cir. 2013). Procedural unconscionability measures "oppression or surprise due to unequal bargaining power," while substantive unconscionability focuses on "overly harsh or one-sided results." *Sonic-Calabasas A, Inc. v. Moreno*, 57 Cal. 4th 1109, 1133 (2013). "California law utilizes a sliding scale to determine unconscionability—greater substantive unconscionability may compensate for lesser procedural unconscionability." *Chavarria*, 733 F.3d at 922. Whether a contract or provision is unconscionable is a question of law. *Flores v. Transamerica HomeFirst, Inc.*, 93 Cal. App. 4th 846, 851 (2001). The party challenging the arbitration agreement bears the burden of establishing unconscionability. *Pinnacle Museum Tower Ass'n*, 55 Cal. 4th 223, 247 (2012). For the reasons explained below, the Court finds the Arbitration Agreement in this case is not unconscionable.

**A.    Procedural Unconscionability**

"Procedural unconscionability concerns the manner in which the contract was negotiated and the respective circumstances of the parties at that time, focusing on the level of oppression and surprise involved in the agreement." *Chavarria*, 733 F.3d at 922. Plaintiff argues that the Arbitration Agreement is procedurally unconscionable for two reasons.

First, Plaintiff asserts that he never received a copy of the AAA arbitration rules that are referenced in the Agreement. But both the Ninth Circuit and the California Supreme Court have held that incorporation by reference of the AAA rules into an arbitration agreement alone does not render the agreement procedurally unconscionable. *Poublon v. C.H. Robinson Co.*, 846 F.3d 1251, 1262 (9th Cir. 2017); *Baltazar v. Forever 21, Inc.*, 62 Cal. 4th 1237, 1246 (2016). "While 'courts

Case 2:21-cv-06529-DMG-JDE   Document 18   Filed 10/20/21   Page 5 of 8   Page ID #:310

UNITED STATES DISTRICT COURT  
CENTRAL DISTRICT OF CALIFORNIA  
CIVIL MINUTES—GENERAL

JS-6

| Case No. | **CV 21-6529 DMG (JDEx)** | Date | October 20, 2021 |
|---|---|---|---|
| Title | *Dwayne Calloway v. Empire Today, LLC* | Page | 5 of 8 |

will more closely scrutinize the substantive unconscionability of terms that were "artfully hidden" by the simple expedient of incorporating them by reference rather than including them in or attaching them to the arbitration agreement,' incorporation by reference, without more, does not affect the finding of procedural unconscionability." *Poublon*, 846 F.3d at 1262 (quoting *Baltazar*, 62 Cal. 4th at 1246). Plaintiff points to no "hidden" AAA rules that are substantively unconscionable, so their incorporation by reference was not procedurally unconscionable.

Second, Plaintiff argues that the Arbitration Agreement is procedurally unconscionable because it is a contract of adhesion that he was forced to sign as a condition of his employment along with multiple other documents that he did not have time to review or inquire about. But the facts belie this characterization. Plaintiff did not actually sign the Agreement until four months after his promotion, demonstrating that it was not a condition of his employment or promotion and that he had plenty of time to review it. The Agreement also explicitly gave the employee the ability to opt out, with no indication that doing so would result in termination. Moreover, though the Arbitration Agreement may have been an adhesion contract—that is, it may have been a standardized form with the option only to take it or leave it—that alone does not fully render it unconscionable. *See Graham v. Scissor-Tail, Inc.*, 28 Cal. 3d 807, 819-20 (1981).

**B.      Substantive Unconscionability**

"Substantive unconscionability addresses the fairness of the term in dispute." *Pokorny v. Quixtar, Inc.*, 601 F.3d 987, 997 (9th Cir. 2010) (quoting *Szetela v. Discover Bank*, 97 Cal. App. 4th 1094, 1100 (2002)). An arbitration agreement is substantively fair where it "(1) provides for neutral arbitrators, (2) provides for more than minimal discovery, (3) requires a written award, (4) provides for all of the types of relief that would otherwise be available in court, and (5) does not require employees to pay either unreasonable costs or any arbitrators' fees or expenses as a condition of access to the arbitration forum." *Armendariz v. Found. Health Psychcare Servs., Inc.*, 24 Cal. 4th 83, 102 (2000). Plaintiff argues the Arbitration Agreement is substantively unconscionable based on the second and fifth factors.

The Arbitration Agreement limits discovery in the arbitration process as follows: each party is allowed no more than three depositions, each party shall serve no more than 10 written interrogatories upon the other party, and each party shall serve no more than 10 requests to produce on the other party. Agreement at 3. The Agreement also provides that upon the request of any party, the arbitrator may allow for additional discovery if it "is necessary for a full and fair exploration of the issues" and not does unduly delay the arbitration process. *Id.*

Parties in arbitration may "agree to something *less than* the full panoply of discovery provided in [a civil action]." *Armendariz*, 24 Cal. 4th at 105-106; *see also Dotson v. Amgen, Inc.*,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

JS-6

| Case No. | **CV 21-6529 DMG (JDEx)** | Date | October 20, 2021 |
|---|---|---|---|
| Title | ***Dwayne Calloway v. Empire Today, LLC*** | Page | 6 of 8 |

181 Cal. App. 4th 975, 983 (2010) ("[A]rbitration is meant to be a streamlined procedure. Limitations on discovery . . . is one of the ways streamlining is achieved."). Courts have found the discovery process adequate where *no* specific amount of discovery was guaranteed, and the number of depositions, interrogatories, and requests for production afforded was left entirely to the arbitrator's discretion. *See Roman v. Superior Ct.*, 172 Cal. App. 4th 1462, 1475 (2009). Here, the arbitrator has discretion to allow discovery "necessary for a full and fair exploration of the issues" (the same language used in the *Roman* agreement) that is *in addition to* a numerical minimum.

Plaintiff further argues that the Agreement unconscionably requires Plaintiff to bear attorneys' fees and costs that he would not have to bear if his claims were brought in court. The Agreement provides that "[e]ach party shall be responsible for its own attorneys' fees, *unless applicable law provides otherwise*." Agreement at 3 (emphasis added). This provision does not run counter to any judicial process for allocating fees and costs, but rather tracks the law. If a California law allows for successful plaintiffs to recover their fees, then the arbitrator would apply that law.

The Arbitration Agreement includes an additional clause, however, that provides the arbitrator with the discretion to award attorneys' fees and costs to the party seeking to compel arbitration in the event that the opposing side initiates litigation in court for a claim that should have been arbitrated. Agreement at 3. This fee-shifting has no basis in the judicial process. "[T]he arbitration agreement or arbitration process cannot generally require the employee to bear any *type* of expense that the employee would not be required to bear if he or she were free to bring the action in court. *Armendariz*, 24 Cal. 4th at 110-11 (2000). Accordingly, this fee-shifting provision is substantively unconscionable.

Lastly, Plaintiff contends that the Agreement lacks mutuality. In considering whether an agreement is substantively unconscionable, the "paramount consideration" is whether there is a mutual obligation to arbitrate. *Nyulassy v. Lockheed Martin Corp.*, 120 Cal. App. 4th 1267, 1287 (2004). An arbitration agreement lacks mutuality if it "requires one contracting party, but not the other, to arbitrate all claims arising out of the same transaction or occurrence." *Armendariz*, 24 Cal. 4th at 120. Here, the Agreement states that "you and the Company *mutually agree* that all disputes, claims, or controversies of any kind or type, whenever they may arise, between the Company and you" shall be arbitrated. Agreement at 1. (emphasis added). Plaintiff nonetheless argues that the Agreement lacks mutuality because its "excluded claims" include those arising

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

JS-6

| Case No. | CV 21-6529 DMG (JDEx) | Date | October 20, 2021 |
|---|---|---|---|
| Title | *Dwayne Calloway v. Empire Today, LLC* | Page | 7 of 8 |

from confidentiality agreements signed by Plaintiff and trade secrets violations, which are more likely to be brought by Empire against its employees than vice versa.[1]  *See id.*

"An agreement may be unfairly one-sided if it compels arbitration of the claims more likely to be brought by the weaker party but exempts from arbitration the types of claims that are more likely to be brought by the stronger party." *Fitz v. NCR Corp.*, 118 Cal. App. 4th 702, 724 (2004) (citing *Armendariz*, 24 Cal. 4th at 119). *Fitz* involved nominally mutual exclusions for disputes regarding non-compete agreements and intellectual property rights. Finding that "it is far more often the case that employers, not employees, will file such claims," the court held that the exclusions were substantively unconscionable. *Id.* at 725; *see also Armendariz*, 24 Cal. 4th at 120 ("An employee terminated for stealing trade secrets, for example, must arbitrate his or her wrongful termination claim under the agreement while the employer has no corresponding obligation to arbitrate its trade secrets claim against the employee."). Similarly, "several courts have concluded a complete carve-out for confidentiality-related claims results in unfair one-sidedness." *Farrar v. Direct Com., Inc.*, 9 Cal. App. 5th 1257, 1273 (2017). These authorities are directly on point, and support Plaintiff's assertion that the Arbitration Agreement's one-sided exclusions render it substantively unconscionable.

**C.     Severability**

The Court has identified two provisions of the Arbitration Agreement that are substantively unconscionable. Arbitration agreements can still be enforced notwithstanding unconscionable provisions, however, if the unconscionable components can be severed. *See Armendariz*, 24 Cal. 4th at 121-25. The agreement is severable if it is not "permeated by unconscionability," that is, if "there is no single provision a court can strike or restrict in order to remove the unconscionable taint from the agreement. Rather, the court would have to, in effect, reform the contract, not through severance or restriction, but by augmenting it with additional terms." *Id.* at 124-25. Here, the Court can easily sever the fee-shifting provision for litigating enforceability of the Agreement and the excluded claims based on confidentiality, trade secrets, and claims for monetary relief based on alleged criminal conduct, without reforming the core of the Agreement or adding terms. The procedure of the arbitration called for in the rest of the Agreement would remain unaffected.

---

[1] The excluded claims also include "claims for restitution, civil penalties, or other damages owed by you for an act for which the Company sought criminal prosecution," which necessarily *only* would be brought by Empire against the employee.

| CV-90 | **CIVIL MINUTES—GENERAL** | Initials of Deputy Clerk KT |
|---|---|---|

| | | |
|---|---|---|
| UNITED STATES DISTRICT COURT | | JS-6 |
| CENTRAL DISTRICT OF CALIFORNIA | | |
| CIVIL MINUTES—GENERAL | | |

| Case No. | **CV 21-6529 DMG (JDEx)** | Date | October 20, 2021 |
|---|---|---|---|
| Title | *Dwayne Calloway v. Empire Today, LLC* | Page | 8 of 8 |

## V.
## CONCLUSION

In sum, though the Arbitration Agreement contains substantively unconscionable elements, those provisions can be severed, and in any event, it is not procedurally unconscionable. Therefore, the Court **GRANTS** Empire's MTC. The Court further **ORDERS** that the unconscionable provisions of the Arbitration Agreement identified herein shall not be enforced in any subsequent proceeding. This action is **DISMISSED** without prejudice.

**IT IS SO ORDERED.**